## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AMICUS TRADE AB | § | |
| | § | CIVIL ACTION NO.: |
| and | § | |
| | § | |
| STORE SOLUTIONS, L.L.C. d/b/a EASYKLIP | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | JUDGE: |
| | § | |
| WINSTON PRODUCTS LLC | § | MAGISTRATE: |
| | § | |
| and | § | |
| | § | |
| WINSTON BREEDEN | § | |
| | § | |
| Defendants. | § | |
| | § | |

### COMPLAINT

Amicus Trade AB and STORE SOLUTIONS, L.L.C. d/b/a EASYKLIP (collectively hereinafter "Plaintiffs"), by and through the undersigned counsel, for their Complaint against Winston Products LLC and Winston Breeden (collectively hereinafter "Defendants"), allege as follows:

### THE PARTIES

1.      Plaintiff, AMICUS TRADE AB, is a corporation organized and existing under the laws of the Sweden and has a principal place of business at Killeröds Byaväg 83, 26992 Bästad, Sweden (hereinafter referred to as "Plaintiff AMICUS" or "AMICUS").

2.      Plaintiff, STORE SOLUTIONS, L.L.C. d/b/a EASYKLIP, is a Delaware limited liability company and has a place of business at 9330 Pulaski Highway, Baltimore, Maryland

21220 (hereinafter referred to as "Plaintiff STORE SOLUTIONS" or "STORE SOLUTIONS").

3.      Upon information and belief, Defendant WINSTON PRODUCTS LLC, is a corporation organized and existing under the laws of the State of Ohio and has a principal place of business at 30339 Diamond Parkway, Cleveland, Ohio 44139 (hereinafter referred to as "Defendant Winston Products" or "Winston Products").

4.      Upon information and belief, Defendant WINSTON BREEDEN (hereinafter referred to as "Defendant Breeden" or "Breeden") is the Chief Executive Officer of Winston Products LLC. and a United States citizen and resident of the State of Ohio.

## NATURE OF THE ACTION

5.      This civil action is for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code §§101, _et seq_. (Counts I through IV).

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.§§1331 and 1338(a).

7.      This Court has personal jurisdiction over all the Defendants. Upon information and belief, Defendants transact and solicit business in Illinois and this judicial district. Upon information and belief, Defendants engage in continuous and systematic contact with and purposefully direct acts complained of herein toward Illinois and this judicial district.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(a) thru (c), and §1400(b).

## BACKGROUND FACTS

9.      On September 14, 2004, United States Letters Patent No. 6,789,295 (hereinafter the '295 Patent) was duly and legally issued by the United States Patent and Trademark Office to Gerhard Svensson for an invention entitled "Clamp Apparatus." A copy of the '295 Patent is attached hereto as Exhibit "A", and incorporated herein by reference.

10.      On June 5, 2007, United States Design Patent No. D543,896 (hereinafter the '896 Patent) was duly and legally issued by the United States Patent and Trademark Office to Staffan Gunnarsson for an invention entitled "Fastening Clip." A copy of the '896 Patent is attached hereto as Exhibit "B", and incorporated herein by reference.

11.      Plaintiff AMICUS is an assignee and owner of the '295 Patent and the '896 Patent, including but not limited to the right to bring suit and collect damages, for past, current and future infringement of the '295 Patent and the '896 Patent (hereinafter collectively referred to as the "Asserted Patents"). By way of a written agreement, Plaintiff STORE SOLUTIONS holds exclusive rights under the Asserted Patents, including but not limited to the right to bring suit and collect damages, for past, current and future infringement of the Asserted patents.

12.      On or about April 30, 2015, Defendants received, via certified mail, return receipt requested, the Letter attached hereto as Exhibit "C", the entirety of which including exhibits are incorporated herein by reference. The Exhibit "C" Letter notified each Defendant of the violation of the Asserted Patents based on the unauthorized manufacture, sale, offer for sale and use of the infringing product identified in the Letter and demanded, *inter alia*, that all such violations immediately cease, and that all such product be destroyed or recalled for destruction, depending on whether such was in the inventory of respectively, Defendant Winston Products or its

customers.

13.     Shortly after Defendants received the Exhibit "C" Letter, Plaintiffs and Defendants began communicating with one another through counsel. These communications spanned from May 2015 through March 2016. At no time from the very beginning of these communications to the present date did Defendants ever articulate, orally or in writing, in whole or in part, any non-infringement, invalidity or unenforceability defense with regard to the Asserted Patents or Plaintiffs' infringement contentions directed to the unauthorized manufacture, importation, sale, offer for sale and/or use of the infringing product by Defendants and its customers and the ultimate individual purchasers and users of the infringing product.

14.     Given the absence of dispute over the underlying merits of Plaintiffs' infringement claims, communications between the Parties, through counsel, progressed to the point of their exchanging a written settlement in August 2015.  Under the written settlement agreement and consistent with Plaintiffs' earlier stated position, Defendants would be required to pay a royalty if infringing product was to remain in the inventory of their  customers and others downstream of Defendants.

15.     At various times since receiving the written settlement agreement, through their respective counsel, Defendants continued to reassure Plaintiffs that this matter was on track for settlement.

16.     In or around April 2016, without any notice or explanation whatsoever, Defendants' counsel discontinued all communications, without limitation, with Plaintiffs' counsel.

17.     At no time since April 2016 has Defendants' counsel initiated or responded to attempts by Plaintiffs' counsel to reach Defendants' counsel.

18.     The communications between the Parties, through counsel, were unilaterally and permanently terminated by Defendants' counsel, at the direction and authorization of each Defendant, and without any of the foregoing advising Plaintiffs of Defendants' disagreement, if any, with the merits of Plaintiffs' underlying claims or royalty demand.

19.     On information and belief, in or around May 2016, at the direction or authorization of Defendant Breeden, Defendant Winston Products offered for sale and sold Defendants' infringing product identified herein to additional third party distributors or resellers, including zmOffers LLC, in further violation of Plaintiffs' rights under the Asserted Patents.

20.     Defendants have never abided the demands set forth in the Exhibit "C" Letter. Furthermore, Defendants and their counsel misled Plaintiffs and their counsel by engaging in a ploy to extend the time to sell and deplete substantial quantities of Defendants' infringing product from the inventory of Defendant Winston Products and its customers, and to encourage the purchase and use of the infringing product by individual consumers, in further violation of Plaintiffs' rights under the Asserted Patents.

21.     On information and belief, Defendants have made, imported, sold, offered for sale, and used the infringing product identified herein in violation of Plaintiffs' rights under the Asserted Patents, and directed, authorized and encouraged others to do the same.  Moreover, Defendants have engaged in these acts with knowledge of the Asserted Patents and Plaintiff's related infringement claims and the intent if not the high probability that these acts would infringe Plaintiffs' rights under the Asserted Patents.

**AMICUS TRADE AB COMPLAINT AGAINST WINSTON PRODUCTS LLC**                    **PAGE : 5**

**COUNT I**
**INFRINGEMENT UNDER 35 U.S.C. §271(a) & (b) OF**
**U.S. PATENT D543,896 BY  DEFENDANT WINSTON PRODUCTS LLC**

22.     Plaintiffs incorporate all prior allegations as if set forth in full herein.

23.     Upon information and belief, Defendant Winston Products has violated and continues to violate Plaintiffs' rights under the '896 Patent under 35 U.S.C. §271(a) by manufacturing, importing, selling, offering for sale, or demonstrating the use of and using devices in a manner that falls within the scope of the '896 Patent.

24.     Upon information and belief, Defendant Winston Products has violated and continues to violate Plaintiffs' rights under the '896 Patent under 35 U.S.C. §271(b) by manufacturing and selling devices that Defendant Winston Products knows, intends and encourages others, including distributors, to offer for sale and sell, and customers and potential customers, to use in a manner that falls within the scope of the '896 Patent.

25.     Upon information and belief, Defendant Winston Products' direct and indirect infringement is willful as it is fully aware of the '896 Patent and Plaintiffs rights in and to the '896 Patent and continues acts of infringement without a good faith belief that the '896 Patent is invalid, not infringed and/or unenforceable.

26.     Plaintiffs have been damaged by Defendant Winston Products' unlawful acts and is entitled to an award of damages which relate to and for all direct and indirect infringement of the '896 Patent.

27.     Plaintiffs have suffered and will continue to suffer irreparable injury unless Defendant Winston Products is preliminarily and permanently enjoined by this Court from engaging in further unlawful acts, as alleged herein.

WHEREFORE, Plaintiffs pray that this Honorable Court enter judgment in favor of Plaintiffs and against Defendant Winston Products, on Count I, and issue an order:

(a)     Declaring that Defendant Winston Products has infringed the '896 Patent in violation of 35 U.S.C. §271(a) and (b);

(b)     Preliminary and permanent injunctive relief, pursuant to 35 U.S.C. §283, against the continuing infringement of the claims of the '896 Patent by Defendant Winston Products, its subsidiaries, parents, divisions, directors, officers, owners, partners, agents, employees, attorneys, representatives, and all those persons in active concert and participation with any of the foregoing;

(c)     Accounting for damages sustained by Plaintiffs, and for profits realized by Defendant Winston Products, as a result of its infringements of the '896 Patent, that the damages and profits in accordance therewith be awarded to Plaintiffs, together with interest and costs against Defendant Winston Products pursuant to 35 U.S.C. §284;

(d)     Order Defendant Winston Products to pay Plaintiffs their reasonable attorneys' fees and costs, pursuant to 35 U.S.C. §285, as this is an "exceptional" case; and

(e)     Granting all other relief as this Court deems just and proper.

## COUNT II
## INFRINGEMENT UNDER 35 U.S.C. §271 (a) & (b) OF
## U.S. PATENT 6,789,295 BY DEFENDANT WINSTON PRODUCTS LLC

28.     Plaintiffs incorporate all prior allegations as if set forth in full herein.

29.     Upon information and belief, Defendant Winston Products has violated and continues to violate Plaintiffs rights under the '295 Patent under 35 U.S.C. §271(a) by manufacturing, importing, selling, offering for sale, or demonstrating the use of and using

devices in a manner that falls within the scope of one or more claims of the '295 Patent.

30.     Upon information and belief, Defendant Winston Products has violated and continues to violate Plaintiffs rights under the '295 Patent under 35 U.S.C. §271(b) by manufacturing and selling devices that Defendant Winston Products knows, intends and encourages others, including distributors to offer for sale and sell, and customers and potential customers, to use in a manner that falls within the scope of one or more claims of the '295 Patent.

31.     Upon information and belief, Defendant Winston Products' direct and indirect infringement is willful as Defendant Winston Products is fully aware of the '295 Patent and Plaintiffs' rights in and to the '295 Patent and continues acts of infringement without a good faith belief that the '295 Patent is invalid, not infringed and/or unenforceable.

32.     Plaintiffs have been damaged by Defendant Winston Products' unlawful acts and is entitled to an award of damages which relate to and for all direct and indirect infringement of the '295 Patent.

33.     Plaintiffs have suffered and will continue to suffer irreparable injury unless Defendant Winston Products is preliminarily and permanently enjoined by this Court from engaging in further unlawful acts, as alleged herein.

WHEREFORE, Plaintiffs pray that this Honorable Court enter judgment in favor of Plaintiffs and against Defendant Winston Products, on Count II, and issue an order:

(a)     Declaring that Defendant Winston Products has infringed the '295 Patent in violation of 35 U.S.C. §271(a) and (b);

(b)    Preliminary and permanent injunctive relief, pursuant to 35 U.S.C. §283, against the continuing infringement of the claims of the '295 Patent by Defendant Winston Products, its subsidiaries, parents, divisions, directors, officers, owners, partners, agents, employees, attorneys, representatives, and all those persons in active concert and participation with Defendant Winston Products;

(c)    Accounting for damages sustained by Plaintiffs, and for profits realized by Defendant Winston Products, as a result of Defendant Winston Products' infringements of the '295 Patent, that the damages and profits in accordance therewith be awarded to Plaintiffs, together with interest and costs against Defendant Winston Products pursuant to 35 U.S.C. §284;

(d)    Order Defendant Winston Products to pay Plaintiffs their reasonable attorneys' fees and costs, pursuant to 35 U.S.C. §285, as this is an "exceptional" case; and

(e)    Granting all other relief as this Court deems just and proper.

**COUNT III**
**INFRINGEMENT UNDER 35 U.S.C. §271(b) OF**
**U.S. PATENT D543,896 BY DEFENDANT WINSTON BREEDEN**

34.    Plaintiffs incorporate all prior allegations as if set forth in full herein.

35.    Upon information and belief, Defendant Breeden has violated and continues to violate Plaintiffs rights under the '896 Patent under 35 U.S.C. §271(b) by directing, authorizing and encouraging others to manufacture, import, sell, offer for sale and use devices, in a manner that Defendant Breeden intends or knows with a high probability, will infringe the '896 Patent.

36.    Upon information and belief, Defendant Breeden's infringement of the '896 Patent is willful and continues these acts of infringement without a good faith belief that the '896 Patent is invalid, not infringed and/or unenforceable.

37. Plaintiffs have been damaged by Defendant Breeden's unlawful acts and is entitled to an award of damages which relate to and for all direct and indirect infringement of the '896 Patent.

38. Plaintiffs have suffered and will continue to suffer irreparable injury unless Defendant Breeden is preliminarily and permanently enjoined by this Court from engaging in further unlawful acts, as alleged herein.

WHEREFORE, Plaintiffs pray that this Honorable Court enter judgment in favor of Plaintiffs and against Defendant Breeden, on Count III, and issue an order for:

(a) Declaring that Defendant Breeden has infringed the '896 Patent in violation of 35 U.S.C. §271 (b);

(b) Preliminary and permanent injunctive relief, pursuant to 35 U.S.C. §283, against the continuing infringement of the claims of the '896 Patent by Defendant Breeden;

(c) Accounting for damages sustained by Plaintiffs and for profits realized by Defendant Breeden as a result of his infringements of the '896 Patent, that the damages and profits in accordance therewith be awarded to Plaintiffs, together with interest and costs against Defendant Breeden pursuant to 35 U.S.C. §284;

(d) Order Defendant Breeden to pay Plaintiffs their reasonable attorneys' fees and costs, pursuant to 35 U.S.C. §285, as this is an "exceptional" case; and

(e) Granting all other relief as this Court deems just and proper.

## COUNT IV
## INFRINGEMENT UNDER 35 U.S.C. §271(b) OF
## U.S. PATENT 6,789,295 BY DEFENDANT WINSTON BREEDEN

39.     Plaintiffs incorporate all prior allegations as if set forth in full herein.

40.     Upon information and belief, Defendant Breeden has violated and continues to violate Plaintiffs rights under the '295 Patent under 35 U.S.C. §271(b) by directing, authorizing and encouraging others to manufacture, import, sell, offer for sale and use devices, in a manner that Defendant Breeden intends or knows with a high probability, will infringe the '295 Patent.

41.     Upon information and belief, Defendant Breeden's infringement is willful as Defendant Breeden and continues these acts of infringement without a good faith belief that the '295 Patent is invalid, not infringed and/or unenforceable.

42.     Plaintiffs have been damaged by Defendant Breeden's unlawful acts and is entitled to an award of damages which relate to and for all direct and indirect infringement of the '295 Patent.

43.     Plaintiffs have suffered and will continue to suffer irreparable injury unless Defendant Breeden is preliminarily and permanently enjoined by this Court from engaging in further unlawful acts, as alleged herein.

WHEREFORE, Plaintiffs pray that this Honorable Court enter judgment in favor of Plaintiffs and against Defendant Breeden, on Count IV, and issue an order:

(a)     Declaring that Defendant Breeden infringes the '295 Patent in violation of 35 U.S.C. §271(b);

(b)     Preliminary and permanent injunctive relief, pursuant to 35 U.S.C. §283, against the continuing infringement of the claims of the '295 Patent by Defendant Breeden;

(c)     Accounting for damages sustained by Plaintiffs, and for profits realized by Defendant Breeden, as a result of Defendant Breeden's infringements of the '295 Patent, that the damages and profits in accordance therewith be awarded to Plaintiffs together with interest and costs against Defendant pursuant to 35 U.S.C. §284;

(d)     Order Defendant Breeden, to pay Plaintiffs their reasonable attorneys' fees and costs, pursuant to 35 U.S.C. §285, as this is an "exceptional" case; and

(e)     Granting all other relief as this Court deems just and proper.

## JURY DEMAND

44.     Plaintiffs respectfully demand a trial by jury as to all issues raised by this Complaint save the issue of injunctive relief.    Plaintiffs respectfully requests that the issue of injunctive relief be determined by the Court.

Respectfully submitted,

Dated:  June 15, 2016                    By:  /s/ Alan B. Samlan                            .

Alan B. Samlan
David J. Hurley
KNECHTEL, DEMEUR & SAMLAN
525 West Monroe St., Suite 2360
Chicago, IL 60661
Phone  :  (312) 628-8852
Fax      :  (312) 655-1917
E-mail :  asamlan@kdslaw.com
E-mail :  dhurley@kdslaw.com

Louis Alex
COOK ALEX LTD.
200 W. Adams, Suite 2850
Chicago, Illinois 60606
Phone  : (312) 236-8500
Fax      : (312) 236-8717
E-mail : lalex@cookalex.com

ATTORNEYS' FOR PLAINTIFFS, AMICUS
TRADE AB AND STORE SOLUTIONS, L.L.C.